UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY TEVIS, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DYSON DIRECT, INC.,<br><br>Defendant. | No. 2:25-cv-00821-DJC-AC<br><br>ORDER DENYING MOTION TO DISMISS |

Plaintiff purchased a vacuum from Defendant through Amazon.com and received the shipment eight days later. Plaintiff alleges that the vacuum's warranty began on the date of purchase, which violates California law requiring the warranty to begin on the date of delivery. On behalf of a putative class, Plaintiff filed suit for violation of state law. Defendant now moves to dismiss, arguing that Plaintiff does not have standing and cannot state a claim. Plaintiff counters that she has standing because she suffered an economic harm, and she maintains that she has sufficiently pled state law claims. The Court agrees with Plaintiff and therefore DENIES Defendant's Motion to Dismiss (ECF No. 11.).

**BACKGROUND**

On April 26, 2024, Nancy Tevis ("Plaintiff") purchased Dyson Direct, Inc.'s ("Defendant") Big Ball Multi Floor Canister Vacuum (the "Product") on Amazon.com. (Compl. ¶¶ 6, 13, ECF No. 1.) Eight days later, on May 4, 2024, the Product was delivered to Plaintiff. (*Id*. ¶ 14.) Plaintiff alleges that the Product's express warranty states: "Your Dyson machine is warranted against original defects in materials and

1

workmanship for a period of 5 years from the date of purchase." (*Id*. ¶ 15.)  Plaintiff alleges that the Product's express warranty is in violation of California's Song-Beverly Act, which requires that an express warranty not commence earlier than the "date of the delivery of the good." (*Id*. ¶ 2 (citing Cal. Civ. Code § 1793.01.)  Because Plaintiff alleges that her warranty began before the date of delivery, she pleads that she has not received the full value of the Product. (*Id*. ¶ 17.)  On behalf of a putative class, Plaintiff filed a complaint ("the Complaint"), bringing claims for violation of the Song-Beverly Act and California's Unfair Competition Law ("UCL"). (*Id*. ¶¶ 36–62.)

Defendant now moves to dismiss Plaintiff's claims, arguing that Plaintiff cannot establish standing and otherwise fails to state a claim. (Mot. at 2, ECF No. 11-1.)  To support this latter argument, Defendant submitted a document that it represents is the warranty controlling the Product. (*Id*. at 8–9; Sochodolak Decl., Ex. 1, ECF No. 11-1.)  Plaintiff opposes, urges the Court to ignore Defendant's proffered evidence, and provides what it represents is the warranty controlling the Product. (Opp'n at 12–14, ECF No. 18; Assassi Decl., Ex. A, ECF No. 18-1.)  Pursuant to Local Rule 230(g), this Motion is submitted without oral argument.

## LEGAL STANDARD

### I. Rule 12(b)(1)

A party may move to dismiss a complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  Challenges to a plaintiff's Article III standing are properly raised under a 12(b)(1) motion, as standing is required for a federal court to exercise jurisdiction. *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010); *Nat'l Fed'n of the Blind of Cal. v. Uber Techs., Inc.*, 103 F. Supp. 3d 1073, 1078 (N.D. Cal. 2015).  Where, as here, a defendant brings a facial jurisdictional attack under 12(b)(1), a court must accept the factual allegations as true and "determine whether a lack of federal jurisdiction appears from the face of the complaint itself." *Nat'l Fed'n of the Blind*, 103 F. Supp. 3d at 1078. "[The] party invoking the federal court's jurisdiction has the burden of proving the actual

existence of subject matter jurisdiction." *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996); *Chandler*, 598 F.3d at 1122.

## II.  Rule 12(b)(6)

A Rule 12(b)(6) motion challenges the sufficiency of a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss [under 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations and citation omitted).  Plausibility requires "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  While "detailed factual allegations" are unnecessary, the complaint must allege more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id*.

## DISCUSSION

## I.  Standing

Federal courts have subject matter jurisdiction where there is "the irreducible constitutional minimum of standing." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).  To show standing, a plaintiff must "demonstrate that it has suffered a concrete and particularized injury that is either actual or imminent, that the injury is fairly traceable to the defendant, and that it is likely that a favorable decision will redress that injury." *Massachusetts v. E.P.A.*, 549 U.S. 497, 517 (2007) (citing *Lujan*, 504 U.S. at 560–61).

The parties agree that any injury Plaintiff suffered is "fairly traceable to" Defendant, and that "it is likely that a favorable decision will redress that injury." *See id*.; Mot. at 5–8; Opp'n at 5–6.  They disagree, however, as to whether Plaintiff has "suffered a concrete and particularized injury that is either actual or imminent" based on the factual allegations in the Complaint. *See Massachusetts*, 549 U.S. at 517.  Plaintiff argues that it has made this showing because Defendant has unlawfully

shortened her warranty, which "has monetary value.  As such, the loss constitutes harm that has already occurred." (*See* Opp'n at 6.)  Defendant contends that because Plaintiff never attempted to invoke the warranty or communicate with Defendant about the warranty, her harm is purely speculative and does not constitute an injury in fact.  (*Mot.* at 6.)

The Ninth Circuit has seemingly not addressed the question of whether an allegedly shortened warranty satisfies standing.  However, as Plaintiff points out, in the absence of controlling precedent, district courts in this circuit have held that allegations of a shortened warranty are sufficient to constitute standing.  (*See* Opp'n at 6–8.)  For example, in *Kalcheim v. Apple*, *Inc*, the district court held:

> The Court disagrees that Plaintiff's failure to attempt to use the warranty protection during the shorted period is dispositive of standing. In the Court's view, Apple's conduct, as alleged by Plaintiff, reduced the value of the warranty that Plaintiff purchased, which is sufficient to form the basis for standing. The four days of coverage that Plaintiff gained at the front-end of the coverage period (i.e., November 11 to 15, 2016) came at the expense of four days of coverage at the back-end of the coverage period (i.e., November 11 to 15, 2019). Moreover, it seems that four days of coverage at the front-end would be on the whole less valuable than four days of coverage at the back-end. At the front end, Plaintiff is not even in possession of the device, and thus cannot take advantage (or at least full advantage) of the warranty protection during that time. Warranty coverage at the back-end, in contrast, would seem particularly valuable to the consumer, for not only is the Plaintiff in possession of the device during that time, but the device is most likely to malfunction (and thus be in need of servicing) after three years of use. Thus, assuming that Apple did indeed violate the law by "shorting" Plaintiff's warranty in this manner, Plaintiff has suffered an injury.

No. 2:16–CV–09324–ODW(RAO), 2017 WL 3443208, at *3 (C.D. Cal. Aug. 10, 2017) (citation omitted).  Relying on *Kalcheim*, the court in *Itzhak v. Keurig DR Pepper, Inc.* held that the plaintiffs "allege facts sufficient to show that their warranty period was, in fact, shortened by two days or more."  No. 8:25-CV-00235-KES, 2025 WL 2020029, at *5 (C.D. Cal. June 11, 2025).  The court further concluded, "While the difference in

value between a coffeemaker with a 365-day warranty versus a coffeemaker with a 363-day warranty may be very small, [plaintiff] has alleged facts sufficient to show that he suffered that economic injury." *Id*.

Defendant objects to the Court relying on these district court cases as persuasive authority, but the Court finds these cases to be on point. (*See* Reply at 4–5, ECF No. 21.) Plaintiff's allegation that her warranty was shortened by 8 days demonstrates a reduction in the value of her warranty. (Compl. ¶¶ 13–14.) As in *Kalcheim*, though Plaintiff gained days of coverage on the front-end of the coverage period, she lost days of coverage on the back-end of the coverage period, and coverage on the back-end is seemingly more valuable because Plaintiff will possess the Product (as opposed to it being in transit on the front-end) and the Product will be more likely to malfunction after years of use. *See* 2017 WL 3443208, at *3. After all, "[a]ny monetary loss, even one as small as a fraction of a cent, is sufficient to support standing." *Van v. LLR, Inc.,* 61 F.4th 1053, 1064 (9th Cir. 2023) (citation omitted).

Instead of relying on these district court cases, Defendant contends that the Court must be guided by *TransUnion LLC v. Ramirez*, where the Supreme Court held that "an injury in law is not an injury in fact" and only plaintiffs who have been concretely harmed have standing. 594 U.S. 413, 427 (2021). But the Court's decision here is consistent with *Transunion LLC*, as the Court does not simply hold that Plaintiff's injury in law constitutes standing. Rather, the Court finds that Plaintiff has alleged an injury in fact based on the economic harm of her shortened warranty. Plaintiff's injury is therefore sufficient for Article III standing.[1] Accordingly, the Court denies Defendant's Motion as to the standing argument.

////

////

---

[1] Because Plaintiff has standing due to the economic harm from her shortened warranty, the Court does not reach Plaintiff's alternative theories of standing. (*See* Opp'n at 9-12.)

**II.  Sufficiency of the Allegations**

    **A.  Request for Judicial Notice**

Defendant asks the Court to take judicial notice of what it purports to be the warranty controlling the Product.  (Mot. at 2–3.)  However, as Plaintiff points out, the Court cannot take judicial notice of this document because there is a dispute over whether it is the warranty to which Plaintiff refers in the Complaint.  (*See* Opp'n at 13.)  Indeed, the document contradicts the allegations in the Complaint because it states that the warranty is effective on the date of delivery, whereas the Complaint alleges the warranty commenced on the date of purchase.  (Sochodolak Decl., Ex. 1; Compl. ¶ 15.)  Because the document is not incorporated by reference and conflicts with the Complaint, the Court denies Defendant's request.  (*See* Mot. at 2–3.)

Additionally, Defendant asks the Court to consider declaration testimony regarding the Product's warranty.  (*See* Sochodolak Decl.)  As Plaintiff observes, it would be improper for the Court to consider this evidence because it contradicts allegations in the Complaint.  (*See* Opp'n at 13.)  Upon a motion to dismiss, "the district court must accept as true all material allegations in the complaint and construe them in the light most favorable to the plaintiff."  *Westlands Water Dist. v. Firebaugh Canal*, 10 F.3d 667, 670 (9th Cir. 1993) (citation omitted).  Accordingly, for purposes of this motion, the Court must accept as true all allegations regarding the Product's warranty, and therefore it cannot consider declaration testimony to the contrary.

    **B.  Analysis**

Defendant argues that Plaintiff does not plead a violation of the Song-Beverly Act.  (Mot. at 8.)  Plaintiff alleges that Defendant violated California Civil Code Section 1793.01, which states: "A manufacturer, distributor, or retail seller shall not make an express warranty with respect to a consumer good that commences earlier than the date of delivery of the good.  This section does not limit an express warranty made before July 1, 2023."  (Compl. ¶ 40 (quoting Cal. Civ. Code § 1793.01).)  Plaintiff alleges that her warranty stated: "Your Dyson machine is warranted against original

1 | defects in materials and workmanship for a period of 5 years from the date of
2 | purchase." (Compl. ¶ 15.) Because Plaintiff alleges that she received the Product 8
3 | days after purchasing it, she sufficiently pleads that her warranty began before the
4 | delivery of the Product. (Compl. ¶¶ 13-14.) Based on these allegations, Plaintiff
5 | states a plausible claim for violation of the Song-Beverly Act.

6 |       Defendant's only argument to the contrary is that Plaintiff cannot state a claim
7 | because the document Defendant submitted states that the Product's warranty did
8 | not begin until delivery. (Mot. at 8-9.) However, as discussed above, the Court
9 | cannot consider this document because it contradicts the allegations of the
10 | Complaint. *See supra* Discussion Part II.A. The parties further dispute what warranty
11 | controls the Product and who sold Plaintiff the Product through Amazon.com. (*See*
12 | Opp'n at 12-14; Reply at 6-8.) Because it would be inappropriate for the Court to
13 | make factual findings upon a motion to dismiss, the Court does not settle these
14 | disputes at this time. *See In re Hemmeter*, 242 F.3d 1186, 1189 n.1 (9th Cir. 2001).
15 | Based on the allegations in the Complaint, Plaintiff states a Song-Beverly claim.

16 |       Plaintiff's second claim is governed by the UCL, which prohibits "any unlawful,
17 | unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200.
18 | Defendant argues that if Plaintiff cannot plead a Song-Beverly claim, then she
19 | necessarily cannot plausibly state a UCL claim. (Mot. at 9.) However, because the
20 | Court holds that Plaintiff has sufficiently pled a Song-Beverly claim, it holds that
21 | Plaintiff has also stated a claim for violation of the UCL, as she plausibly states that
22 | Defendant is engaged in an unlawful business practice.

23 |       Accordingly, the Court denies Defendant's Motion as to the failure to state a
24 | claim argument.
25 | ////
26 | ////
27 | ////
28 | ////

**CONCLUSION**

For the reasons set forth above, the Court DENIES Defendant's Motion to Dismiss (ECF No. 11). The hearing scheduled for September 18, 2025 before District Judge Daniel J. Calabretta is VACATED. Defendant Dyson Direct Inc. is ordered to answer the Complaint within fourteen (14) days of this Order.

IT IS SO ORDERED.

Dated: **July 29, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE