UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY ELLEN TEVIS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>DYSON DIRECT, INC.,<br><br>　　　　Defendant. | No. 2:25-cv-00821-DJC-AC<br><br><br><br>ORDER |

Defendant Dyson Direct, Inc., moves to strike Plaintiff Nancy Tevis's class allegations in her Complaint. (ECF No. 26.) Dyson also moves to stay discovery pending resolution of the Motion to Strike. (ECF No. 29.) For the reasons explained below, the Motion to Strike is DENIED. The Motion to Stay is DENIED as moot.

**BACKGROUND**

On April 26, 2024, Plaintiff Nancy Tevis purchased Defendant Dyson Direct, Inc.'s Big Ball Multi Floor Canister Vacuum (the "Product") on Amazon.com. (Compl. (ECF No. 1) ¶¶ 6, 13.) Eight days later, on May 4, 2024, the Product was delivered to Plaintiff. (*Id*. ¶ 14.) Plaintiff alleges that the Product's express warranty states: "Your Dyson machine is warranted against original defects in materials and workmanship for a period of 5 years from the date of purchase." (*Id*. ¶ 15.) Plaintiff alleges that the

1

Product's express warranty is in violation of California's Song-Beverly Act, which requires that an express warranty not commence earlier than the "date of the delivery of the good." (*Id*. ¶ 2 (citing Cal. Civ. Code § 1793.01).) Because Plaintiff alleges that her warranty began before the date of delivery, she pleads that she has not received the full value of the Product. (*Id*. ¶ 17.) On behalf of a putative class, Plaintiff filed a complaint, bringing claims for violation of the Song-Beverly Act and California's Unfair Competition Law. (*Id*. ¶¶ 36–62.)

Defendant now moves to strike Plaintiff's class allegations (Strike Mot. (ECF No. 26)) and to stay discovery (Stay Mot. (ECF No. 29)). Plaintiff filed Oppositions and Defendant filed Replies. (Strike Opp'n (ECF No. 28); Strike Reply (ECF No. 30); Stay Opp'n (ECF No. 31); Stay Reply (ECF No. 32).) The Court ordered supplemental briefing on whether the motion to strike was timely, and briefing is now complete. (P's Suppl. Br. (ECF No. 36); D's Suppl. Br. (ECF No. 37.)). The Court took the matter under submission pursuant to Local Rule 230(g). (ECF No. 34.)

## LEGAL STANDARDS

Federal Rule of Civil Procedure 12(f) permits the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Motions to strike should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation or unless prejudice would result to the moving party from denial of the motion." *Harper v. Charter Commc'ns, LLC*, No. 2:19-cv-00902-WBS-DMC, 2020 WL 916877, at *5 (E.D. Cal. Feb. 26, 2020) (quoting *Delgado v. Marketsource, Inc.*, No. 17-cv-07370, 2019 WL 1904216, at *3 (N.D. Cal. Apr. 29, 2019) (cleaned up)). Whether to grant a motion to strike is made at the Court's discretion. *See Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993), *rev'd on other grounds by Fogerty v. Fantastic, Inc.*, 510 U.S. 517 (1994). The court must view the pleadings in the light most favorable to the non-moving party. *Terpin v. AT&T Mobility, LLC*, 399 F. Supp. 3d 1035, 1051 (C.D. Cal. 2019) (citations omitted).

## ANALYSIS

### I. Timing of Motion to Strike under Rule 12(f)(2)

While not raised by the parties, the Court *sua sponte* ordered briefing as to whether the Motion to Strike was timely given that it was filed after Defendant had filed a prior Motion to Dismiss under Rule 12, as well as its answer. (*See* ECF No. 34 (citing *Culinary & Serv. Emps. Union, AFL-CIO Local 555 v. Hawaii Emp. Benefits Admin., Inc.,* 688 F.2d 1228 (9th Cir. 1982)).) The parties' supplemental briefing confirms that denial of the Motion to Strike is appropriate.

Rule 12(f)(2) provides that a party may move to strike portions of a pleading "either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f)(2). Here, Plaintiff filed her complaint on March 13, 2025, Defendant moved to dismiss on May 23, 2025, and after the motion was denied, Defendant filed its answer on August 12, 2025. Applying the plain language of the Rule, because the complaint required a responsive pleading, any motion to strike under Rule 12(f) was due before Defendant responded to the complaint. Defendant filed the pending motion to strike three weeks after filing the answer. In *Culinary*, the Ninth Circuit held that the district court's order striking certain counts from the parties' amended complaint in a similar context was "error":

> The district court struck the counts relating to the qualifications of the new union trustees. The court purportedly acted pursuant to Fed. R. Civ. P. 12(f), which permits the court, in its discretion, to order stricken from any pleading "any redundant, immaterial, impertinent, or scandalous matter." *This was error*. The district court has authority under Rule 12(f) to strike a pleading, in whole or in part, only if a motion is made before the moving party has filed a responsive pleading, unless the court strikes the pleading on its own initiative or no responsive pleading is permitted. The district court struck the counts in question upon the motion of the trustees after they had already filed their answer to the complaint. Thus, the motion was untimely under Rule 12(f).

////

////

////

688 F.2d at 1232 (italics added). Relying on the plain text of Rule 12(f), and the Ninth Circuit's decision in *Culinary*, the Court concludes Defendants' Motion is untimely and is denied on that basis.

**II. The Court's Exercise of Discretion under Rule 12(f)(1)**

Rule 12(f) also provides that a court may strike material "on its own," without any time limit. *See* Fed. R. Civ. P. 12(f)(1). Some district courts have interpreted this language as permitting them to consider an untimely motion to strike. *See, e.g.*, *United States v. Wang*, 404 F. Supp. 2d 1155, 1157 (N.D. Cal. 2005) (citing *Or. Laborers-Emps. Tr. Funds v. Pac. Fence & Wire Co.*, 726 F. Supp. 786, 788 (D. Or. 1989); *Sprint Solutions Inc. v. Pac. Cellupage Inc.*, 2014 WL 12610204, at *2 (C.D. Cal. Dec. 17, 2014). Yet other district courts have denied untimely motions to strike in reliance on the Ninth Circuit's instructions in *Culinary*. *See, e.g.*, *In re Seagate Tech. LLC Litig.*, No. 16-cv-00523-JCS, 2017 WL 3670779, at *2–3 (N.D. Cal. Aug. 25, 2017) (denying motion to strike as untimely filed); *Heredia v. Eddie Bauer LLC*, No. 16-cv-06236-BLF, 2020 WL 1492710, at *3 (N.D. Cal. Mar. 27, 2020) (same); *Winnemem Wintu Tribe v. U.S. Forest Servs.*, No. 2:09-cv-01072-KJM-KJN, 2013 WL 1325423, at *2 (E.D. Cal. Mar. 29, 2013) (denying motion to strike as untimely but striking counts on independent ground); *but see In re Mission Bay Jet Sports*, No. 08-cv-0146-JM (CAB), 2010 WL 144441, at *3 (S.D. Cal. Jan. 11, 2010) (acknowledging *Culinary* but granting the motion to strike "consistent with Rule 1's mandate to construe the Federal Rules of Civil Procedure to achieve a just, speedy, and efficient resolution of the action.").

In *Hubbs v. Big Lots Stores, Inc.*, a class action case, defendants filed a motion to strike certain claims more than 80 days after they filed a motion to dismiss portions of an amended complaint. No. 2:15-cv-01601-JAK-AS, 2019 WL 12536592, at *3 (C.D. Cal. Jul. 2, 2019). After a hearing, the district court issued its order denying the motion to strike as untimely in reliance on *Culinary*. *See generally id.* The district court surveyed cases granting motions to strike under 12(f)(1), observing that such *sua sponte* rulings were consistent with the following statement in an authoritative treatise:

4

> The authority given the court by the rule to strike an insufficient defense on its 'own initiative at any time' has been interpreted to allow the district court to consider untimely motions to strike and to grant them if doing so seems proper. This judicial discretion is appropriate since in many instances a motion to strike redundant, impertinent, immaterial, or scandalous matter is designed to eliminate allegations from the pleadings that might cause prejudice at some later point in the litigation. In light of this, the time limitations set out in Rule 12(f) should not be applied strictly when the motion to strike seems to have merit.

*Id.* at *3–4 (quoting 5C Wright & Miller, Fed. Prac. & Proc. Civ. § 1380 (3d ed. 2017). The *Hubbs* court ultimately declined to exercise its discretion under 12(f)(1), however, reasoning that "permitting post-answer Rule 12(f)(2) motions to strike class allegations under the guise of Rule 12(f)(1) *sua sponte* action would . . . be a transparent fiction in violation of at least the spirit, if not also the letter, of the Ninth Circuit's holding in *Culinary*." *Id.* at *3 (quoting *In re Seagate Tech. LLC*, 2017 WL 3670779, at *5). The court observed that "[a] court is not moving to strike 'on its own initiative' if it relies upon the arguments provided by a party to strike the same language that the party sought to have stricken." *Id.* On balance, the court concluded that "[n]otwithstanding the persuasive authority that would permit striking the language identified . . . to do so would not be consistent with *Culinary*." *Id.*

Similarly in *Seagate*, the defendant filed a motion to strike nationwide class allegations in a misrepresentation action involving computer hard drives. 2017 WL 3670779, at *1. The court declined to strike the class allegations *sua sponte*, "even if the [c]ourt agreed with [the moving party's] arguments," because it would functionally violate *Culinary*, creating "yet a third stage at which parties could raise such arguments—in addition to the traditional class certification stage and the pre-answer motions . . . thus potentially encouraging piecemeal and redundant motions practice." *Id.* at *5. The court also noted, and which is true here, that the class certification stage provided an adequate opportunity to address objections to the putative class that

Defendant failed to raise before filing its answer. *Id.* The Court finds the analysis in *Hubbs* and *In re Seagate* to be persuasive.

Defendant's reliance on *In re Mission Bay Jet Sports, LLC*, is unavailing. In *Mission Bay*, the court struck a certain affirmative defense, notwithstanding *Culinary* and the motion to strike's untimeliness, because the particular defense was not supported by "any plausible argument." 2010 WL 144441, at *3. Here, in contrast, "[a]n order striking class allegations is 'functionally equivalent' to an order denying class certification." *Microsoft Corp. v. Baker*, 582 U.S. 23, 34 n.7 (2017) (cleaned up). While the Supreme Court has noted there are times in which "the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim," it did so in the face of a motion for class certification. *See Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982). Consequently, "motions to strike class allegations are disfavored because a motion for class certification is a more appropriate vehicle for arguments pertaining to class allegations." *Olney v. Job.com, Inc.*, No. 1:12-cv-01724-LJO-SKO, 2013 WL 5476813, at *3 (E.D. Cal. Sep. 30, 2013) (internal citations omitted).[1]

As the Ninth Circuit has recognized, "[o]ur cases stand for the unremarkable proposition that often the pleadings alone will not resolve the question of class certification and that some discovery will be warranted." *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009). The Court declines to strike Plaintiffs' class allegations before the parties have had an opportunity to proceed through discovery and the class certification process. Accordingly, without prejudice to Defendant raising the class allegations arguments in a more appropriate posture, the Court declines to strike the class allegations *sua sponte* under Rule 12(f)(1).

---

[1] Defendant also points to *Itzhak v. Keurig Dr. Pepper, Inc.*, 2025 WL 2020029, at *7 (C.D. Cal. Jun. 11, 2025), which had identical class allegations to the ones in this case. (D's Suppl. Br. at 2–3.) However, the motion to strike in *Itzhak* was timely filed under Rule 12(f)(2). Similarly, the motions to strike in *Hovespian v. Apple, Inc.*, 2009 WL 5069144 (N.D. Cal. Dec. 17, 2009), and *Tietsworth v. Sears*, 720 F. Supp. 2d 1123 (N.D. Cal. Mar. 31, 2010), were also timely filed. For the reasons stated elsewhere in the Order, the Court declines to grant the Motion to Strike in its current procedural posture.

**III. Motion to Stay**

Defendant also moves to stay discovery pending resolution of the Motion to Strike. Because the Motion to Strike is now denied, the Motion to Stay is denied as moot.

## CONCLUSION

For the reasons explained above, IT IS HEREBY ORDERED that:

1. Defendant's Motion to Strike (ECF No. 26) is DENIED; and
2. Defendant's Motion to Stay (ECF No. 29) is DENIED AS MOOT; and
3. Within fourteen days of this Order, the parties shall file a joint status report pursuant to the Court's Initial Case Management Order.

IT IS SO ORDERED.

Dated:   **December 9, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC8–Tevis.25cv00821.mot.strike_stay

7