UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NANCY ELLEN TEVIS,

Plaintiff,

v.

DYSON DIRECT, INC.,

Defendant.

No. 2:25-cv-00821-DJC-AC

ORDER

Plaintiff Nancy Tevis is the class representative for a putative class of consumers with various claims against Defendant Dyson Direct, a manufacturer.  Plaintiff and proposed intervenor Maria Arriane Lanuza-Dumalog have jointly filed a Motion to Intervene requesting permission for a new class representative.  (Mot. (ECF No. 52).)  Plaintiff also requests leave to amend the Complaint to remove herself as class representative.  (*Id.*)  For the reasons discussed below, the Motion to Intervene is DENIED.

////

////

////

////

1

**BACKGROUND**

On April 26, 2024, Plaintiff Nancy Tevis purchased Defendant Dyson Direct, Inc.'s Big Ball Multi Floor Canister Vacuum (the "Product") on Amazon.com. (Compl. (ECF No. 1) ¶¶ 6, 13.) Eight days later, on May 4, 2024, the Product was delivered to Plaintiff. (*Id*. ¶ 14.) Plaintiff alleges that the Product's express warranty states: "Your Dyson machine is warranted against original defects in materials and workmanship for a period of 5 years from the date of purchase." (*Id*. ¶ 15.) Plaintiff alleges that the Product's express warranty is in violation of California's Song-Beverly Act, which requires that an express warranty not commence earlier than the "date of the delivery of the good." (*Id*. ¶ 2 (citing Cal. Civ. Code § 1793.01).) Because Plaintiff alleges that her warranty began before the date of delivery, she pleads that she has not received the full value of the Product. (*Id*. ¶ 17.) On behalf of a putative class, Plaintiff filed a complaint, bringing claims for violation of the Song-Beverly Act and California's Unfair Competition Law. (*Id*. ¶¶ 36–62.)

After significant motion practice and the Court's issuance of a scheduling order, Plaintiff now seeks to file an amended complaint with a new class representative at the helm. (*See generally* Mot.) Defendant filed an Opposition (ECF No. 54) and Plaintiff did not file a Reply. Briefing is now complete.

**ANALYSIS**

**I.  Subject Matter Jurisdiction**

The Court will deny Plaintiff's Motion because she appears to lack Article III standing in the first instance. "Article III standing goes to a court's subject matter jurisdiction." *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004). Article III requires that a plaintiff "show that (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id*. (quoting *Friends of the Earth, Inc. v. Laidlaw Env't Serv.*

*(TOC), Inc.*, 528 U.S. 167, 180–81 (2000)).  Because she is in federal court, Plaintiff must satisfy Article III's requirements, and the briefing makes plain that she did not have a cognizable injury at the time she commenced this action.

Here, Plaintiff concedes that "she was not the original purchaser" of the Dyson product whose warranty policy she claims violates California's Song-Beverly Act and Unfair Competition Law.  (Mot. at 2; Opp'n at Ex. A (ECF No. 54-1) (plaintiff's receipt of purchase of used product).)  Under Song Beverly, "consumer goods" are defined as "any *new* product . . . that is used, bought, or leased for use primarily for personal, family, or household purposes . . . ."  Cal. Civ. Code § 1791(a) (emphasis added).  Because the product Plaintiff purchased was not new, she did not suffer an injury within the meaning of Song Beverly and she cannot assert an express warranty claim against the manufacturer Dyson.  *See Cooper v. Simpson Strong-Tie Co., Inc.*, 460 F. Supp. 3d 894, 914 (N.D. Cal. 2020) (concluding failure to allege purchase of new product foreclosed warranty claims under Song-Beverly Act).  Without an injury, "plaintiff [can]not satisfy Article III standing requirements.  Also, since Plaintiff had no live claim and therefore no standing when the case was first brought, this is not a situation in which the case can continue with a putative class member substituted as the named plaintiff."  *Stanford v. Home Depot USA, Inc.*, 358 Fed. App'x 816, 819 (Nov. 24, 2009) (citing *Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1022–23 (9th Cir. 2003)).

////

////

////

////

////

////

////

////

Absent Article III standing, standing may not be conferred by statute. *Cetacean Cmty.* at 1174 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 576–77 (1992)). Plaintiff's secondary Unfair Competition Law claim therefore fails because "to state a claim under the unlawful prong of the UCL, a plaintiff must sufficiently plead a predicate violation." *Erickson v. Kimberly-Clark Corp.*, No. 4:24-cv-07032-AMO, 2025 WL 2105830, at *5 (N.D. Cal. Jul. 28, 2025) (quoting *MacDonald v. Ford Motor Co.*, 37 F. Supp. 3d 1087, 1097 (N.D. Cal. 2014)).

The Court therefore DENIES Plaintiff's Motion to Intervene.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's Motion to Intervene (ECF No. 52) is DENIED; and

2.  Plaintiff is ordered to SHOW CAUSE within fourteen (14) days why this matter should not be dismissed without prejudice for lack of subject matter jurisdiction.

IT IS SO ORDERED.

Dated:    **June 12, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC8–Tevis.25cv00821.mot. to intervene

4